TROY WYLIE *v.* WARDEN, STATE PRISON
(11650)

ERNEST MILLER *v.* WARDEN, STATE PRISON
(12096)

O'CONNELL, HEIMAN and FREEDMAN, Js.

Argued October 4—decision released November 2, 1993

*Christopher C. Sheehan,* deputy assistant public defender, for the appellant (petitioner).

*Steven R. Strom,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Stephen J. O'Neill,* assistant attorney general, for the appellee (respondent).

PER CURIAM. In this combined appeal, each petitioner brought a writ of habeas corpus to the trial court challenging the legality of his confinement. The trial court dismissed both petitions on the ground that it lacked subject matter jurisdiction. Thereafter, the trial court, pursuant to General Statutes § 52-470 (b), granted the petitioners' petitions for certification to appeal to this court. We dismiss both appeals as moot.

The claim of the petitioners in the trial court was that their confinement was illegal because the department of correction had refused to allow them to apply for admission to the various community release programs provided for in General Statutes § 18-100b. Effective October 1, 1990, General Statutes § 18-100b was amended by No. 90-261, § 3, of the 1990 Public Acts. Section 18-100b (e) now provides that "the commis-

sioner of correction shall not release from confinement any prisoner to an approved community residence after June 30, 1993.''

Since there is no longer any authority for the commissioner of correction to release any prisoner from confinement to an approved community residence, this court can no longer grant the petitioners any practical relief. "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *Shays* v. *Local Grievance Committee,* 197 Conn. 566, 571, 499 A.2d 1158 (1985).

Both appeals are dismissed as moot.