[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his amended complaint filed December 21, 2000, plaintiff seeks a writ of mandamus and has moved for a temporary order of mandamus. The plaintiff, acting pro se, has alleged that the court has jurisdiction under the United States Constitution and statutes which do not appear to be applicable to a mandamus action. The amended complaint is in two counts and could be considered in the nature of a petition for a writ of habeas corpus. A review of the amended petition, however, indicates that it must be considered as a mandamus action.
By way of relief, in the first count, plaintiff requests that defendant make him eligible for release to supervised home release. Pursuant to the second count, plaintiff seeks credit for eighteen months of jail credit.
Defendant has filed a pleading entitled "Motion to Dismiss/Strike" addressed to both counts. As plaintiff has labeled his complaint a mandamus action and it will be considered as such. Defendant's motion will be considered as a motion to dismiss.
A party seeking a writ of mandamus must establish: (1) that the plaintiff has a clear legal right to the performance of the duty by the defendant; (2) that the defendant has no discretion with respect to the performance of that duty; and (3) the plaintiff has no adequate remedy at law. Hennessey v. Bridgeport, 213 Conn. 656, 659 (1996).
 I
In the first count, the plaintiff seeks a writ of mandamus requiring the defendant to make him eligible for a home release program. These programs were allowed under the provisions of C.G.S. § 18-100b. This statute was amended by P.A. 90-261 § 3. The statute now states that the commissioner of correction "shall not release from confinement any person to an approved community residence after June 30, 1993." Wylie v.Warden, 33 Conn. App. 902-903 (1993). it would appear then that the program which the plaintiff seeks under the first count has been abolished by law and cannot now be granted.
Even if C.G.S. § 18-bob had not been amended, plaintiff still would not have been entitled to a writ of mandamus. As written before the amendment the statute stated that the defendant "may release prisoners to approved community residences." Since defendant had discretion in the matter, even if the statute had not been amended it could not be found that petitioner had a clear legal right to the requested action by the commissioner.
It must then be concluded that the first count must be dismissed. CT Page 5881
 II
In the second count, petitioner seeks an order requiring defendant to credit him with eighteen months jail credit.
The motion to dismiss is similar to the former plea in abatement in that matters affecting jurisdiction not apparent on the record may be considered. Connecticut Practice Book § 10-31a allows the filing the affidavits in support of the motion to dismiss.
Defendant has filed the affidavit of Michelle DeVeau, a Record Specialist II in the employ of the Department of Correction in support of the motion to dismiss. From this affidavit, the attached correspondents and the complaint it must be found that on May 1, 2000, petitioner began serving an eight year sentence. Prior to that time, he was released on bond or was held in custody for federal authorities.
Under the terms of C.G.S. § 18-98d, the defendant is required to give credit for confinement only to a person held under a mittimus or because such person was unable to obtain bond or was denied bail. From the facts before the court, it must be concluded that petitioner was not held for the statutory reasons and that defendant would have no duty to credit him with the jail time claimed in the petition.
It is clear that petitioner has no clear legal right to the performance, by defendant, of the legal duty alleged in the complaint. Therefore, the second count must be dismissed.
Accordingly, the motion to dismiss the complaint is granted.
Joseph J. Purtill, Judge Trial Referee